BERGOLD v. PUCHTA, appellant.

*Slander.*

These words: " He is no doctor; he bought his diploma for $50," spoken of a person in his professional character, *held* actionable in themselves.

APPEAL from an order made by Mr. Justice BARRETT, denying defendant's motion to set aside an order of arrest. The order was granted by Mr. Justice DANIELS, in an action for slander. The affidavit upon which it was granted sets out the slanderous words as having been uttered in the presence of one Weineise, as follows, viz. : " He [meaning the plaintiff] is no doctor; he bought his diploma for $50."

No special damages are alleged.

The defendant denies having uttered these or any defamatory words about the plaintiff.

The plaintiff, to support his affidavit, introduced other affidavits tending to show other defamatory words uttered in the presence of different persons from those set out in the first affidavit.

*Henry Wehle*, for appellant. An order of arrest should not be granted in an action of slander, unless defendant is a transitory person or about to depart the State. 15 Abb. 229; 6 Abb. N. S. 23. The affidavit does not set out a cause of action for slander. 42 Barb. 326; 17 N. Y. 54; 2 Barb. 630. Plaintiff must aver and prove special damage. 5 Johns. 188; 18 id. 124; id. 273; 17 id. 217; 15 Wend. 327; 24 id. 354; 3 Hill, 21; id. 139; 4 Barb. 504; 5 How. Pr. 171; 2 E. D. Smith, 388. It was incompetent for plaintiff to produce additional affidavits, charging other defamatory expressions, to support the one alleged in the moving affidavit. 3 How. 265;

12 id. 197. Plaintiff should show reason why he cannot produce the affidavit of the party within whose personal knowledge the fact is. 12 Abb. 265; 21 How. 112; 33 Barb. 520.

*E. D. Culver*, for respondent.

DANIELS, J. The affidavits read upon the motion warrant the conclusion that the defendant uttered and published of the plaintiff, as a physician, the words that "he is no doctor; he bought his diploma for $50;" and the action is brought to recover damages for the uttering and publication of such words. These words contain an imputation of ignorance and want of skill, and having been spoken of the plaintiff in his professional character, they are, within the well-settled rule, actionable in themselves. That they were spoken of the plaintiff in his professional character is clearly shown by the words themselves; and, where that appears to be the fact, an action of slander may be maintained. It "is well-settled law that words published of a physician falsely imputing to him general ignorance or want of skill in his profession, are actionable in themselves, on the ground of presumed damage." *Secor* v. *Harris*, 18 Barb. 425, 426; *Fitzgerald* v. *Redfield*, 51 id. 484. The order should be affirmed, with costs.

DAVIS, P. J., and DONOHUE, J., concurred.

*Order affirmed.*